IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


**DOUGLAS HOLDING CO., et. al.,**

    **Plaintiffs,**

**v.**                                                    MISC. CASE NO. 1:11-MC-0078
                                          BANKRUPTCY NO. 1:10-BK-10206
                                          ADVERSARY NO.  11-01003

**CITY OF PRINCETON, et. al.,**

    **Defendants.**


## MEMORANDUM OPINION

By Order entered June 4, 2013, the court granted the motion to withdraw reference to the bankruptcy court filed by defendants.  The reasons for that decision follow.

### I.  Background

Plaintiff Douglas Holding Company ("Douglas") is the debtor in a bankruptcy case currently pending in the United States Bankruptcy Court for this district.  Subsequent to initiation of the bankruptcy proceeding, Douglas filed a complaint against defendants City of Princeton, Dewey W. Russell, and John Doe alleging claims of age discrimination and state common law claims of outrage, harassment, and tortious interference.

Defendants moved to withdraw reference to the bankruptcy court of the aforementioned adversary proceeding.  Plaintiffs did not file a response to the motion to withdraw reference.[1]

## II.  Analysis

Title 28 United States Code Section 157(d) allows for two types of withdrawal: mandatory and permissive.  The section states as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Defendants argue that permissive withdrawal is appropriate in this case.  Because "cause" for permissive withdrawal is not explicitly defined in § 157(d), many courts consider a number of factors in deciding whether cause exists to withdraw the reference:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.

---

[1] Counsel for plaintiff contacted the court by telephone indicating his agreement that the reference should be withdrawn.

Point Service Corp. v. Pritchard Min. Co., No. 3:09-0145, 2010 WL

1410673, *5 (S.D.W. Va. Mar. 31, 2010); Dwyer v. First National

Bank, No. 5:08-cv-01269, 5:08-mc-00058, 2009 U.S. Dist. LEXIS

42819, at *9 (S.D.W. Va. May 19, 2009)(Johnston, J.)(quoting

Allen v. Nat'l City Mortg. Co., 2:04-mc-188, 2006 U.S. Dist.

LEXIS 94819, at *4 (S.D.W. Va. July 13, 2006)(Goodwin, J.)).

Generally, the first factor-whether a proceeding is core or

non-core-weighs more heavily than the others.  In re O'Brien, 414

B.R. 92, 98 (S.D.W. Va. 2009).

### 1. Whether a proceeding is core or non-core

No bright line clearly divides "core" and "non-core"

proceedings.  See In re Apex Exp. Corp., 190 F.3d 624, 631 (4th

Cir. 1999).  However, a proceeding related to a bankruptcy case

may be considered non-core if the following four criteria are

satisfied:

> (1) the claims are [not] specifically identified as
> core proceedings under 28 U.S.C. § 157(b)(2); (2) the
> claims existed prior to the filing of the bankruptcy
> case; (3) the claims are based entirely on state law or
> otherwise existed independently from title 11; and (4)
> the parties' rights or obligations are [not]
> significantly affected by the outcome of the bankruptcy
> proceedings.

In re O'Brien, 414 B.R. 92, 98 (S.D.W. Va. 2009) (quoting

Blackskire v. Litton Loan Servicing, L.P., 2:08-mc-116, 2009 WL

426130, at *2 (S.D.W. Va. Feb. 13, 2009)).  Defendants argue that

the instant proceeding is non-core and the court agrees.

-3-

First, the claims herein are not core proceedings as identified under 28 U.S.C. § 157(b)(2).  Rather, plaintiff has asserted state law causes of action for outrage, harassment, and tortious interference and those claims arose prepetition.[2]  They do not involve the application of bankruptcy law nor are the parties' rights or obligations significantly affected by the outcome of the bankruptcy proceedings.  Accordingly, the court finds that plaintiff's claims are non-core.  Because this factor weighs more heavily than the others, see O'Brien, 414 B.R. at 98, the fact that the court finds plaintiff's complaint to be a non-core proceeding weighs significantly in favor of permissive withdrawal.

## 2. Preserving the jury trial right

The right to a jury trial is an important right.  See Container Recycling Alliance v. Lassman, 359 B.R. 358, 360 (D. Mass. 2007).  If the jury trial right can only be fully vindicated by withdrawal of the reference, then there is good cause for withdrawal.  Id.

When a party demands a jury trial in a non-core bankruptcy proceeding, the Seventh Amendment counsels that "cause" exists for permissive withdrawal, even if Congress technically allows the bankruptcy court to hold jury trials in non-core proceedings.

---

[2] The Complaint indicates that plaintiff's age discrimination claim is grounded in the United States Constitution.

<u>See</u> 28 U.S.C. § 157(c)(1).  This conclusion also applies when a

party does not consent to a jury trial in bankruptcy court.

However,

[a] party's demand for a jury trial does not
necessarily affect the decision to withdraw a
reference, because the District Court may "delegate to
the bankruptcy court the responsibility for supervising
discovery, conducting pre-trial conferences, and other
matters short of the jury selection and trial."

<u>In re Erickson Ret. Cmtys, LLC</u>, Civil No. WDQ-11-3736, 2012 WL

1999493, *4 (D. Md. Jun. 1, 2012) (quoting <u>In re Stansbury Poplar

Place, Inc.</u>, 13 F.3d 122, 128 (4th Cir. 1993)).  The question

becomes one of "efficient case administration."  <u>Id.</u>

In the Complaint, plaintiff appears to demand a jury trial,

indicating that it is entitled to various damages "in an amount

to be determined by the jury."  Complaint ¶¶ 16, 17, 22, 23, 28,

and 29.  Defendants have also made a jury demand.  Therefore,

this factor weighs in favor of withdrawal of the reference

because maintaining the reference would not improve efficiency

but, rather, would require a "substantial duplication of judicial

effort."  <u>In re Stansbury Poplar Place</u>, 13 F.3d at 128 .

### 3. Uniform administration of bankruptcy law

Because the adversary proceeding does not turn on bankruptcy

law, it will not affect the uniform administration of bankruptcy

law.  Accordingly, this factor does not favor leaving allowing

the adversary proceeding to remain in bankruptcy court.

### 4. Promoting judicial economy and efficient use of the parties resources

In non-core proceedings, "the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment."  Stern v. Marshall, 564 U.S. ----, 131 S.Ct. 2594, 2601-02, 180 L.Ed.2d 475 (2011). The bankruptcy court lacks authority to enter a decision on the merits where the non-core proceeding arises solely under state law and need not be decided to resolve the creditor's claim against the estate.  Stern, 564 U.S ----, 131 S.Ct. 2594.  Given the nature of plaintiff's state law claims, withdrawal of the reference would avoid the need for duplicative proceedings.  Accordingly, judicial economy and the efficient use of the parties' resources weigh in favor of withdrawing the reference to the bankruptcy court.

### 5. Reduction of forum shopping

There is no indication that defendants are engaging in forum shopping.  Accordingly, this factor weighs neither for or against withdrawal of the reference.

### III.  Conclusion

For the reasons discussed above, the motion to withdraw reference was **GRANTED**.

The Clerk is directed to send copies of this Memorandum

Opinion and Order to the Clerk of the Bankruptcy Court, and to

all counsel of record.

**IT IS SO ORDERED** this 1st day of August, 2013.

ENTER:

David A. Faber
Senior United States District Judge